**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| MONDREA VINNING, | ) |
| Petitioner, | ) |
| v. | ) Case No. 11-1142 |
| GERARDO ACEVEDO, Warden, | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court on Petitioner, Mondrea Vinning's ("Vinning"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition for Writ of Habeas Corpus must be DISMISSED FOR LACK OF JURISDICTION.

**Background**

Follow a jury trial in 1999, Vinning was sentenced to four concurrent 26-year sentences for two counts of armed robbery and two counts of home invasion in the Circuit Court for Cook County, Illinois. On appeal to the Illinois Appellate Court, one of the home invasion counts was vacated, but his conviction was otherwise affirmed. Vinning's PLA to the Illinois Supreme Court was denied on April 3, 2002. He also unsuccessfully pursued post-conviction relief in the trial court.

On March 24, 2003, Vinning filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of Illinois. The Petition was dismissed without prejudice for failure to exhaust, and he was given leave to file a petition to reinstate upon completion of his post-conviction proceedings. On

September 7, 2004, his Petition was reopened, and an amended petition was filed shortly thereafter. On February 8, 2005, the District Court denied the petition for the same reasons given by the Illinois Appellate Court in addressing the same claim on direct appeal.

On February 23, 2011, Vinning filed the present § 2254 Petition in an attempt to collaterally attack his 1999 conviction in Cook County, Illinois. In this Petition, he claims: (1) on seven different occasions, the Illinois Prisoner Review Board unconstitutionally failed to provide petitioner with an explanation for good-conduct credit revocations; (2) he will be forced to serve a three-year term of mandatory supervised release after the end of his prison sentence in violation of Illinois law; and (3) he has not received "six months good conduct credits that were guaranteed to him at the time of his sentencing." Respondent has filed a Motion for Summary Judgment asserting a lack of jurisdiction over what amounts to a successive habeas corpus petition. This Order follows.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the law as it pertains to the filing and processing of habeas corpus petitions, including the treatment of second or successive petitions. The current law concerning second and successive habeas petitions is found in 28 U.S.C. § 2244(b)(2), which provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> * * *
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(2).

As Vinning previously mounted a collateral attack on his 1999 conviction for home invasion and armed robbery before Judge Zagel in the Northern District of Illinois, the present petition is clearly successive. Section 2244(b)(3)(A) requires the petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court. Here, Vinning has failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application. Before this Court is able to consider his petition, he must obtain such an order.

## Conclusion

For the reasons set forth above, Respondent's Motion for Summary Judgment [#18] is GRANTED, and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED for lack of jurisdiction.  This matter is now terminated.

ENTERED this 30th day of November, 2011.

    s/ James E. Shadid
    James E. Shadid
    United States District Judge